70 F.3d 1290
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
L.I. Sarah COCHNAUER, Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 No. 95-3408.
 United States Court of Appeals, Federal Circuit.
 Nov. 29, 1995.
 
 Before PLAGER, LOURIE, and RADER, Circuit Judges.
 
 
 1
 RADER Circuit Judge.
 
 
 2
 The Office of Personnel Management denied L.I. Sarah Cochnauer survivor annuity benefits upon the death of Harvey J. Cochnauer. The Merit Systems Protection Board dismissed Sarah Cochnauer's appeal to the Board because she missed a deadline to refile with the Board. Because the effect of dismissing this case for failure to meet a confusing deadline may deny Harvey Cochnauer's widow her rightful annuity benefits, this court reverses and remands.
 
 
 3
 Sarah Cochnauer and Barbara Cochnauer both claimed entitlement to a survivor annuity as the rightful beneficiary of the deceased Harvey Cochnauer, who worked for the Government. On January 12, 1993, Barbara Cochnauer filed with the Office of Personnel Management (OPM) for those benefits. On April 23, 1993, Sarah Cochnauer appealed to the Board the OPM's denial of her application for the same death benefits and survivor annuity. On June 10, 1993, Barbara Cochnauer filed a motion to intervene in Sarah Cochnauer's appeal to the Board.
 
 
 4
 During the Board proceedings, Sarah Cochnauer and Barbara Cochnauer were also litigating the issue of who was the surviving spouse of Harvey Cochnauer in the Probate Section of the District Court in Cleveland County, Oklahoma. In light of the ongoing probate litigation, the Board on June 22, 1993, dismissed Sarah Cochnauer's appeal without prejudice. This order also directed Sarah to refile:
 
 
 5
 her appeal within 20 calendar days after whichever of the following events occurs first:
 
 
 6
 (1) the expiration of 180 days from the date of this initial decision (June 22, 1993); or;
 
 
 7
 (2) the resolution of the probate matter by the District Court in Cleveland County, Oklahoma.
 
 
 8
 On January 8, 1994, which was 200 days after the June 22 order, the probate matter was still underway. Sarah therefore should have refiled her case at that time to comply with the Board's order. Sarah Cochnauer, however, did not refile until after the Oklahoma probate court on May 5, 1994 determined that Sarah was Harvey's lawful wife at the time of his death. Sarah refiled her appeal on June 16, 1994. The Board dismissed Sarah's refiling as untimely.
 
 
 9
 Under 5 U.S.C. Sec. 7703(c) (1994), this court may not set aside a decision by the Board unless it is (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence.
 
 
 10
 Under the unique circumstances of this case, the Board abused its discretion. In the first place, Sarah Cochnauer did not miss a statutory filing deadline with jurisdictional implications. Instead Sarah Cochnauer missed a deadline arbitrarily set by the Board to accommodate its docket management. Moreover, the complex language of the Board's deadline may have caused her to believe she had no obligation to file until the Oklahoma court had declared who was Harvey's rightful survivor.
 
 
 11
 Sarah Cochnauer's mistake about the filing deadline also did not prejudice Barbara. Barbara, too, would have had to await the Oklahoma outcome before pursuing further Board action. Finally, as noted, on May 5, 1994, the district court issued a Journal Entry denying Barbara Cochnauer's petition to vacate her August 14, 1991, divorce of Harvey J. Cochnauer. As a result, Sarah Cochnauer was Harvey Cochnauer's wife at the time of his death. To deny Sarah Cochnauer the right to appeal the OPM's Reconsideration Decision because she missed the Board's filing deadline would cause Barbara Cochnauer, who was not Harvey J. Cochnauer's wife at the time of his death, to enjoy his survivor annuity and benefits. Therefore, based on the unique circumstances of this case, this court reverses the decision of the Board and remands for further proceedings consistent with this opinion.